# SUPREME COURT.

GRANDISON REYNOLDS, plaintiff in error, agt. THE PEOPLE OF THE STATE OF NEW YORK, defendants in error.

On the trial of a prisoner upon an indictment for an *assault and battery with the intent to commit a rape*, if the evidence is clearly insufficient to warrant or justify a conviction for that offense, an exception to the refusal of the court so to rule, or charge, is well taken the same as though it had been a civil action:

*Held*, that this case was entirely bare of any and all evidence to prove an intent to commit a rape. Taking the testimony of the girl herself, in its fullest length and breadth, it was not clear, beyond doubt, that even a simple assault and battery was committed.

It is quite certain however that had the prisoner had sexual intercourse with her at the time, with no more resistance on her part than appears from her testimony, he could not justly have been convicted of a rape, within the rule established in the *People* agt. *Morrison*, (1 *Park, Cr. R.*, 625,) and the *People* agt. *Abbott*, (19 *Wend.*, 192.) At most the testimony would have made but a "mixed case," and her *quasi* assent would have been presumed from such mere passive resistance.

Where the indisputable evidence in such a case, is such as to raise only a suspicion or conjecture of the criminal intent, it is clearly insufficient, and the court should so charge the jury.

Where the court under the evidence, submit to the jury the feloneous intent to commit a rape, (together with the crime of assault and battery,) against the prisoner's objection and exception, and the jury find a verdict against the prisoner for simple assault and battery, it is error for which the judgment will be set aside and a new trial ordered. It was calculated to, and the presumption is that it did prejudice the prisoner's defense on the other branch of the case.

*Fourth Judicial Department, Rochester General Term, March,* 1871.

MULLIN, *P. J.* JOHNSON *and* TALCOTT, *J.J.*

THE plaintiff in error was indicted for an assault and battery with intent to commit a rape upon one Celia Wood, at Clayton, Jefferson county, and was tried upon the indictment in the Jefferson county sessions on the 12th day of September, 1870. The alleged crime was claimed to have been committed in March previous. The complainant was

then over eleven years of age, and the prisoner was nineteen. The complainant was the principal witness for the people, and swore that the prisoner who lived with his parents, near the complainant's father, came to the house where complainant and her two younger sisters were,—their father and mother being absent from home,—for the purpose as he said, of procuring her mother to make him some shirts. Considerable talk and play took place between the complainant, her sisters and the prisoner.

The two younger girls at the request of the prisoner, went up stairs, and thereupon, the prisoner took hold of the complainant, laid her upon a bed in the room, pulled up her clothes, unbuttoned her drawers and laid himself in an indecent manner upon her person. She tried to get away and make him stop, told him to stop and let her alone. In the meantime the other girls came down stairs, and in doing so made a noise, and the prisoner desisted from any further attempts. On cross-examination, she admitted that she made no noise, or outcry during the transaction, except to tell the prisoner to stop, and try to get away. That the prisoner used no force or violence, except to throw her down, did not hurt her or tear her clothes.

At the close of the evidence for the people, the prisoner's counsel asked the court to rule,

1. That there was not sufficient evidence of force or violence on the part of the prisoner to go to the jury or warrant a conviction for the crime of assault and battery with intent to ravish.

2. That the evidence was not sufficient to warrant a conviction for any other offense, and requested the court to discharge the prisoner. The court refused so to rule, and to discharge the prisoner, and the prisoner's counsel excepted.

Before opening the case to the jury, the counsel for the defense requested the court to rule and decide as matter of law, that upon the evidence given, the only question for the

consideration of the jury was, the question of assault and battery merely, that no intent to commit a rape could be found or inferred from the evidence which was refused, and an exception was taken. The same requests and motions were made at the close of the evidence on the whole case, with like ruling and exceptions. The counsel for the defense also requested the court to instruct the jury that the evidence was not sufficient to authorize a conviction for, assault and battery with intent to commit a rape. The court refused so to charge, and there was an exception. The jury convicted the prisoner of the assault and battery only, and the court sentenced him to pay a fine of $150, and stand committed till paid, not to exceed three months.

The prisoner procured the conviction, and the proceedings to be removed into this court by writ of error.

D. O'BRIEN, *for plaintiff in error*.

I. The evidence in this case—assuming that all the testimony of the complainant is true—was not sufficient to warrant a conviction for the crime of assault and battery.

An assault is an attempt with *force or violence* to do a corporal injury to another. (*People* agt. *Hayes*, 1 *Hill*, 351.)

A battery is the unlawful beating of another. (3 *Bl. Com.*, 120.)

" A criminal conviction for an assault cannot be sustained where no battery has been committed and none attempted, intended or threatened by the party accused. It is indispensable to the offense that *violence* to the person be either offered, menaced or designed. There is no exception to this rule in the case of an indignity offered to a female where she is a consenting party to an act involving her own dishonor." (*People* agt. *Bransby*, 32 *N. Y.*, 525.)

An improper interference with the person of a female, if with her express or implied consent, does not amount to the

legal offense of assault and battery, however objectionable such conduct may be, when viewed from the stand-point of a strict morality.    (1 *Colby's Crim. Law*, 693, 694.)

And her passive non-resistence is, as proof of her consent, equivalent to an express permission, if the female be over the age of ten years, as in this case.

It is claimed that the defendant's motive in touching the person of the girl at all, was to have connection with her. If he intended to use force to accomplish this, and over-come any resistance she might offer, he was guilty of an assault and battery with intent to ravish, and this is the offense charged in the indictment.    It would be absurd to claim that a conviction for *that* offense could be sustained upon the evidence.    The absence of *force or violence*, and the evidence of the express or implied assent of the girl, would be fatal to such a conviction.    It is submitted that the same considerations furnish a complete answer to the charge of assault and battery.    The case is entirely barren of the elements which go to constitute this offense.

1. When the relations existing between the complainant and the defendant are considered, it is perfectly apparent that no force or violence was *intended*.    The girl was nearly twelve years old, the boy nineteen.    They had been brought up together and had played together before. He went to the house to see the girl's mother on business, and while waiting for her to return, he was engaged in building a fire, playing and examining pictures with this girl and her sisters,

2. No force or violence was *used, attempted or threatened* by the defendant.    The girl herself swears to this.

3. It is quite clear that the girl assented expressly or im-pliedly to what was done.    It is true she says she told him " to stop," but it is apparent from her conduct that this was a mere matter of form, and so understood by the boy and by her.

4. They had been sitting together on the bed.    He took

her up afterwards and put her on the same bed, and she made no resistence by word or action. They lay by the side of each other on the bed, and he quietly unbuttoned her drawers, without the slightest resistance or even a word of reproof. Indeed the only word the girl remembers using during the whole transaction is the word " stop."

Now the assault and battery if there was one, must consist in the act of the defendant in taking up the girl in his arms and laying her on the bed, or in afterwards unbuttoning her drawers, or both. The whole thing was conducted with so much gentleness that it seems absurd to claim that the element of force or violence entered into it in any form whatever. It was undoubtedly a gross impropriety on the part of both of these young persons, but I submit that it does not rise to the proportions of a *criminal offense*, calling for the interposition of the criminal law. If it does then, in the language of Judge PORTER, in the case of *The People* agt. *Bransby*, (32 *N. Y.*, 535,) " Seduction and criminal conversation have been indictable offenses in this state from the beginning, for they always involve a sufficient degree of force to constitute an assault and battery, except for the express or implied assent of the party."

An examination of the case of *The Queen* agt. *Read and others*, (13 *London Jurist*, 68;) *Martin's Case*, (38 *Eng. Com. L.*, 85;) *Meredith's Case*, (34 *Eng. Com. L.*, 539;) *Banks' Case*, 34 *Eng. Com, L.*, 531;) and the other cases cited by the learned judge in *The People* agt. *Bransby*, will show how the courts, both in England and in this state, have uniformaly declined to magnify transactions of this character to the standard of offenses against the criminal Code.

The evidence did not establish an assault and battery, and the county judge erred in refusing to discharge the defendant at the close of the case for the people, and to so instruct the jury.

II. The complainant was, from her age, as capable in the

eye of the law of consenting to any liberties the defendant took with her, as if she was thirty years of age. If she consented to what was done, or *made no opposition to it*, she cannot complain of it as an injury. *Volenti non fit injuria.* It is not claimed that the defendant had connection with the girl, or injured her in the slightest manner. Indeed, from the appearance of his clothing at the time, there is no proof that he intended to have such connection. The most that is claimed that he lay by the side of her on the bed, unbuttoned her drawers, and put his hand indecently upon her person. All this took time to accomplish, and there was no opposition by word or action from the girl—no noise or outcry, though the two sisters were in the house, and no force or violence on the part of the boy. Is not this *consent?* How absurd to claim that there was violence on the part of the boy or unwillingness on the part of the girl sufficient to constitute an assault and battery with intent to *ravish*, or even simple assault and battery. There perhaps never was an improper intimacy between a boy and girl that had not in it as much of the elements of legal crime as is to be found in this case.

The story of the girl was evidently dictated by her mother, but even with this assistance it is so unreliable and contradictory that it is unsafe to convict any person of any criminal offense upon such testimony.

III. The request made by the defendant's counsel to the court to rule as matter of law, that the only question for the consideration of the jury was the question of assault and battery merely, that no attempt to commit a rape could be found or inferred from the evidence, was proper, and should have been granted, and the refusal of the court so to rule was error. There was not the slightest evidence of the intent to ravish, and the court should have relieved the jury from the consideration of the higher offense. The ruling amounted to a judicial declaration from the bench that

there *was* evidence upon which the jury might find an intent to ravish. It afforded an opportunity to compromise opinions and had a tendency to prejudice and mislead the jury.

VI. The court below erred in refusing to instruct the jury as requested; and especially in refusing to instruct the jury "that there was not sufficient evidence in the case upon which to convict of an assault and battery with intent to commit a rape." It will not be denied that this was a sound and correct proposition. It applied to the very offense charged in the indictment. The defendant had a right to demand that it be given to the jury with the sanction of judicial authority, and the court had no right to refuse it. It will not do to conjecture, and say that the defendant has not been injured by the error, inasmuch as the jury have found him guilty of the minor offense. Who can say that the jury would have convicted him of any offense if the court had charged as requested? In the language of the court, in *The People* agt. *Bransby, p.* 535 : "It is the right of the citizen accused of crime, to claim the benefit of a fair trial, and a true and just exposition of the law applicable to the offense charged. When the law in such a case has been erroneously presented, it should not be assumed on mere speculation, however probable or plausible, that the jury were not misled by the error of the judge." The court, in effect, told the jury that there was evidence upon which they might, if they saw fit, convict of the higher offense. It was giving a judicial construction to the evidence, and the jury, logically following it, concluded that if the evidence authorized a conviction for the higher crime, then it certainly did for the lower. It is easy to see how such a presentation of the law might, and in this case did, prejudice and mislead the jury.

V. The jury, after deliberating four hours, were unable to agree on a verdict. The court refused to discharge them, and they were kept together during the entire night, and

their verdict was evidently the result of a compromise. In this view, the refusal of the court to give them the instructions asked by the defendant's counsel, on the question of assault with intent to ravish, becomes important. On the whole, in view of the very unsatisfactory character of the evidence for the prosecution, taking the direct and cross-examination together, considering the entire absence of *violence* and the evidence of consent, or at least non-resistance on the part of the girl, the standing and good character of the boy as shown by the evidence, and the manner in which the case was presented to the jury, it is submitted that this conviction should not be allowed to stand.

P. C. WILLIAMS, *Dist. Att'y, for the people.*

I. If the conrt committed error in submitting to the jury the question "whether the prisoner was guilty of the offence of 'assault with intent to ravish,'" the judgment will not be disturbed on this ground. The jury corrected the error by finding the prisoner was *not* guilty of such offence, and no injury was done the prisoner.

II. The evidence is abundant to sustain the verdict of "assault and battery."

The jury saw the parties and heard their stories, considered their respective ages, and under a very fair and impartial charge by the court, rendered this verdict. Their decision should not be disturbed.

III. The prisoner insists the evidence don't show sufficient resistance by the prosecutrix, and this court is asked to say that the jury were *bound* to find she *consented* to what was done by the prisoner on the occasion in question.

There is a line of decisions establishing, without doubt, the doctrine that in cases of *rape*, there must be the *utmost resistance* on the part of the prosecutrix.

Where, however, the crime of rape is not *accomplished*, but *attempted* merely, the resistance need only be sufficient

Reynolds agt- The People.

to prevent such accomplishment, or to repel the attack. Should the prosecutrix offer any further resistance, she would herself be guilty of "assault and battery," or some higher offense, as the case might be. For instance, suppose in this case, the prosecutrix had used a knife or pistol upon the person of the prisoner, when the resistance she *did* offer was sufficient.

The present case, however, according to the finding of the jury, was not even "an assault with intent to ravish," but simply an "indecent assault." The prisoner evidently attacked the prosecutrix with intent to have connection with her if he could do so quietly, but not by absolute force.

Certainly the rigid rule in cases of *rape*, even if it be applicable to cases of "assault with intent to ravish," can have no practical application in cases of this kind.

IV. The judgment of the court of sessions of Jefferson county should be affirmed, and the record remitted to that court to carry the judgment into effect.

*By the court,* JOHNSON, J.—I am of the opinion, that the county judge, at the close of the people's evidence on the trial, ought to have ruled and held as requested by the prisoner's counsel, that there was not sufficient evidence of force and violence to go to the jury, or to authorize a con-viction for the crime of assault with the intent to commit a rape; and also, that he ought to have so instructed the jury. If the evidence was clearly insufficient to warrant or justify a conviction for that offense, the exception to the refusal so to rule or charge is well taken, the same as though it had been a civil action (2 *R. S.*, 736, § 21). The judge, in his charge, instructed the jury that in order to convict they must find from the evidence, that "the prisoner assaulted this girl with the intent to have sexual intercourse with her, against her will, and against all resistance she might offer." This is the true rule of law, undoubtedly, in

cases of this kind. But, I think, the case is entirely bare of any and all evidence to prove *such* criminal intent. Taking the testimony of the girl herself, in its fullest length and breadth, it is not clear, beyond doubt, that even a simple assault and battery was committed. It is quite certain, however, that had the prisoner had sexual intercourse with her at the time, with no more resistance on her part than appears from her testimony, he could not justly have been convicted of a rape, within the rule established in *The People* agt. *Morrison*, (1 *Park Cr. R.* 625,) and *The People* agt. *Abbott*, (18 *Wend.*, 192,) at most the testimony would have made but "a mixed case," and her *quasi* assent would have been presumed from such mere passive resistance. Her younger sisters were, confessedly, in an adjacent room in the house, and within call and hearing of any outcry, and conversation was more or less being carried on between them and the prisoner and complainant, during the whole time. The prisoner, undoubtedly took grossly improper liberties, with the complainant, whether with or without her consent. But, granting that what was done, was done wholly against her will and consent, what evidence is there that he intended to go farther and have sexual intercourse with her "against all the resistance she might offer." He made no verbal threat of that kind, and according to her testimony did not unbutton, or place himself in a condition in which it would be possible for him to do such an act. The evidence, at most, raises but suspicion, or conjecture, that such might have been his intention. But that is not enough. In view of all the facts and circumstances, the balance of probabilities, even, seem greatly the other way. Where the indisputable evidence is such as to raise only a suspicion or conjecture, it is clearly insufficient, and the court should so charge the jury. The counsel for the people—while he does not, in terms, dispute the proposition that it was erroneous to submit the question of the intent to ravish to the jury, upon the evidence—insists that no

injury was thereby done to the prisoner, because the jury found him guilty of a simple assault and battery only. But the question is, whether it did prejudice, or had a tendency to prejudice, the prisoner in his defence to the entire charge against him. The charge laid in the indictment included a simple assault and battery as well as the higher crime. The prisoner denied all unlawful force and violence. The refusal of the judge to charge as requested, and on the contrary, submitting the question of the felonious intent to the jury, were in substance and legal effect a charge and direction to the jury, that they would be justified in finding such felonious intent from the evidence. No one can fail to see that this was calculated to prejudice the prisoner's defense on the other branch of the case, and the presumption must be that it did so. Indeed, such a ruling from the court could scarcely result otherwise than in a conviction for the lesser offense if not the greater, at the hands of the jury. Had the case turned merely on the question whether a conviction for a simple assault and battery was warranted by the evidence, we should probably not have felt at liberty to interfere. But upon that question the prisoner was obliged to go to the jury with the weight and cloud of this ruling against him, and we cannot fail to see that the ruling may, and indeed that it necessarily must, have operated to his prejudice with the jury. The error was, therefore, material and the judgment must be reversed, and a new trial ordered at the court of sessions of Jefferson county.