GEORGE BOTSCH ET AL. V. STATE OF NEBRASKA.

FILED JANUARY 16, 1895.    No. 6192.

1. **Criminal Law**: ASSAULT WITH INTENT TO MURDER : PROOF.
An essential element of the crime of assault with intent to commit-murder is the actual intent to take life, and when an offense is constituted by statute of an act combined with a particular and specific intent, proof of the intent is just as indispensable as proof of the act.

2. ——— : ——— : INFORMATION : INSTRUCTIONS.   Where an information contained two counts, one of assault with intent to commit murder and the second of an assault with intent to do great bodily injury, and there was no evidence to support the charge set forth in the first count, it was error which was calculated to confuse and mislead the jurors, and prejudicial to the parties on trial under the complaint, to submit to the jury the question of the guilt or innocence of such parties of the crime charged in the first count, although they were not convicted of such crime.

ERROR to the district court for Colfax county.   Tried below before MARSHALL, J.

*Phelps & Sabin*, for plaintiffs in error, cited : *Chrisman v. State*, 54 Ark., 282; Bishop, Criminal Law, secs. 729, 731, 735; *Patterson v. State*, 85 Ga. 131 ; *Weaver v. People*, 132 Ill., 536; *State v. Child*, 42 Kan., 611; *People v. Chin Bing Quong*, 79 Cal., 553 ; *People v. Ross*, 33 N. W. Rep. [Mich.], 30; *People v. Comstock*, 13 N. W. Rep. [Mich.], 617; *People v. Sweeney*, 22 N. W. Rep. [Mich.], 50; *People v. Troy*, 56 N. W. Rep. [Mich.], 102; *Turner v. Muskegon Circuit Judge*, 50 N. W. Rep. [Mich.], 310 ; *Carter v. State*, 28 Am. St. Rep. [Tex.], 944; *Bedford v. State*, 36 Neb., 702; *State v. Kyne*, 53 N. W. Rep. [Ia.], 420 ; *Moore v. State*, 26 Tex. App., 322.

*Geo. H. Hastings, Attorney General*, for the state, cited :

*Powell v. State,* 22 S. W. Rep. [Tex.], 677 ; *People v. Miller,* 52 N. W. Rep. [Mich.], 65; *Smith v. State,* 7 So. Rep. [Ala.], 103; *McCune v. Thomas,* 6 Neb., 488; *McCann v. McDonald,* 7 Neb., 305 ; *Johnson v. Parrotte,* 23 Neb., 233; *Lea v. McLennan,* 7 Neb., 143; *Gibson v. Sullivan,* 18 Neb., 558; *Angle v. Bilby,* 25 Neb., 595; *Parrish v. State,* 14 Neb., 61; *Seling v. State,* 18 Neb., 548; *Schlencker v. State,* 9 Neb., 242.

HARRISON, J.

The plaintiffs in error were arrested, and with others, jointly informed against in the district court of Colfax county. The information contained two counts, in one of which the parties were charged with an assault with intent to kill and murder one Bernard C. Zitting, and in another with an assault upon said Zitting with intent to do great bodily injury. The parties were duly tried, and adjudged by the jury, in their verdict, not guilty of the charge in the first count of the information and guilty as charged in the second. After overruling their motions for a new trial, the court sentenced plaintiffs in error to a term in the penitentiary and they have prosecuted error proceedings to this court. The trial court gave to the jury a very full and complete charge and one which, in many respects, might serve as a model. It contained an exposition of the rules of law deemed by the court applicable to the crime charged in the first count of the information, *i. e.,* assault with intent to commit murder, further as to the crime of assault with intent to do great bodily injury, and also as to assault and battery, the lesser crime included in the charge of the greater ones set forth in the information.

One assignment of error is as follows: " The court erred in submitting to the jury the guilt or innocence of the defendants, upon the first count in the information." In support of this assignment, counsel for plaintiffs in error contend that the evidence was insufficient to sustain a con-

viction on the first count of the information, principally for the reason that there was no evidence of an intent to commit murder, arguing that to support a charge of an assault with intent to commit murder, the specific purpose or intent to commit the crime of murder must be shown to have existed and have been frustrated by some act not of the will of the parties charged; that in a criminal case the court should not submit to the jury, for their consideration, a charge for a crime contained in one count of an information of which the evidence would not sustain a conviction; and if that is done, the fact that no conviction ensued on such count does not sufficiently excuse such action and does not cure the error, or make it without prejudice. The two main elements of the crime charged in the first count of the information, an assault with intent to commit murder, are the assault and the intent to kill or murder. Of these the intent is a mental process and as such generally remains hidden within the mind wherein it was conceived, and is rarely, if ever, susceptible of proof by direct evidence, but must be inferred or gathered from the outward manifestations shown by the words or acts of the party entertaining it, and the facts or circumstances surrounding or attendant upon the commission of the assault with which it is charged to be connected, and, as the particular intent accompanying the act in this class of crimes fixes the grade of the crime and governs the punishment which the guilty party must be adjudged to suffer, it is necessary that it be as clearly and satisfactorily proved as any other fact or constituent of the crime charged. That an actual intent to take life is an essential element of the crime of assault with intent to commit murder, is the well established, if not uniform, rule. (*Hooper v. State*, 16 S. W. Rep. [Tex.], 655; *Walls v. State*, 90 Ala., 618, 8 So. Rep., 680; *Patterson v. State*, 11 S. E. Rep. [Ga.], 620; Warren, Criminal Code, 270; *Barcus v. State*, 1 Am. Crim. Rep. [Miss.], 249; *Trevinio v. State*, 11 S. W. Rep. [Tex.], 417; *People v. Lennon*, 38 N. W.

Rep. [Mich.], 871; Maxwell, Criminal Procedure, 259, note 1; Clark's Hand-Book of Criminal Law, 103–111.) The rule that every sane person is presumed to intend the natural, probable, and reasonable consequences of his acts, is applicable to this class of cases, but this presumption, when based upon the acts alone, must be confined to the intent shown by such acts and not extended further, nor the jury allowed to speculate upon a greater intent. (*People v. Ross*, 9 West. Rep. [Mich.], 555; *Patterson v. State, supra,* and authorities therein cited.)

We do not deem it necessary to quote at large from the evidence upon which plaintiffs in error were convicted, nor to give a summary of it here. We have read it all carefully, and while the evidence shows that an assault was committed which was reprehensible in the highest degree, and for which the guilty parties, whoever they may be, deserved and deserve to be punished speedily and with an unsparing hand, we also feel thoroughly convinced of its insufficiency to sustain a conviction of an assault with the intent to commit murder, in that the particular intent does not appear. It may be fairly said to negative the existence of such an intent, or the crime charged in the first count of the information was not made out. This being true, it follows that the trial court erred in submitting to the jury, by its instructions, the question of the innocence or guilt of the parties being tried, of the crime charged in the first count. Notwithstanding the fact that there was no conviction of such charge, we do not feel warranted in saying that the submission to the jury, for its consideration during its deliberations, of the question of the guilt or innocence of the parties of this charge by full instructions in relation to the law governing and applicable to it, when there was a lack of evidence to sustain it, was not calculated to confuse or mislead the jurors, or was not prejudicial to the rights of those who were on trial. The parties on trial were also being tried for an assault with intent to do great

bodily injury, the charge contained in the second count of the information, and for an assault and battery, a lesser crime than was stated in either charge, and they were entitled to have the questions of whether they had committed either of these lesser crimes, of the committal of which there was testimony, presented to the jury for determination, free from the greater and graver crime, of which the evidence was insufficient to show the committal, being also included in their deliberations. (*State v. Kyne*, 53 N. W. Rep. [Ia.], 420; *State v. Myer*, 69 Ia., 148; *People v. Ross*, 33 N. W. Rep. [Mich.], 30; *Moore v. State*, 9 S. W. Rep. [Tex.], 610; *Carter v. State*, 13 S. W. Rep. [Tex.], 147; 2 Thompson, Trials, sec. 2315; *Caw v. People*, 3 Neb., 357.)

There are some further points argued in the briefs, but as the conclusion we have reached, in so far as we have considered the case, will necessitate its reversal as to the parties plaintiffs in these error proceedings, we will not now discuss them.    Judgment reversed to the extent it affects plaintiffs in error herein, and case remanded.

REVERSED AND REMANDED.