HARRY WILLIAMS v. STATE OF NEBRASKA.

FILED SEPTEMBER 27, 1919. No. 20858.

1. **Criminal Law**: REFUSAL OF INSTRUCTION. It is not error for a trial court to refuse a requested instruction, even though in proper form and supported by competent evidence, when he gives substantially the same instruction on his own motion.

2. **Homicide**: INSTRUCTIONS. On the trial of one charged with having committed the crime of murder in the first degree, it is the duty of the court to instruct the jury only on such degrees of homicide as find support in the evidence.

3. ————: DYING DECLARATION: REFUSAL TO OFFER. One convicted of the crime of murder cannot predicate error on the refusal of the trial court to require counsel for the state to offer in evidence the dying declaration of the deceased when the record fails to show that such a declaration was made.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*William N. Jamieson* and *William E. Lovely*, for plaintiff in error.

*Clarence A. Davis, Attorney General, George W. Ayres, J. B. Barnes* and *Ralph P. Wilson*, contra.

MORRISSEY, C. J.

Defendant prosecutes error from a judgment of the district court for Douglas county, wherein he was sentenced to serve a term of twenty years in the penitentiary on a conviction of murder in the second degree. He is one of the parties mentioned in connection with

710

the death of a peace officer named Rooney in *Kirk v. State, ante,* p. 484.

The facts are stated in that opinion.

The instructions given on the trial of the *Kirk* case were, with the necessary changes as to names, given on the trial of defendant. Having already approved these instructions, we shall not again discuss them. The evidence adduced on behalf of the state is to the same effect as that given in the *Kirk* case, except that in the *Kirk* case the evidence did not show that defendant was armed or fired any shots at the peace officers, while in the instant case a witness for the state testifies positively that defendant was armed and shot at the officers. The evidence of defendant's guilt being stronger and more conclusive than in the *Kirk* case, where it was regarded as sufficient, need not be further reviewed.

Error is assigned because of the refusal of the court to give instruction No. 2, requested by defendant, which would direct an acquittal in case the jury entertained a reasonable doubt as to whether the shot which caused the death of deceased was fired by one of the defendants named in the information or by one of the peace officers. The court on its own motion instructed the jury that, unless they found from the evidence, beyond a reasonable doubt, that deceased "was killed by a pistol shot fired by one of the parties, jointly charged by the information in this case, you should find defendant not guilty." This instruction is, in substance, the same as that requested, and the assignment is not well taken.

The information charged defendant with murder in the first degree, thereby charging, also, murder in the second degree and manslaughter. The court instructed the jury on murder in the first degree, and murder in the second degree, but did not submit the lesser degree of manslaughter. No request was made for such instruction, but it is urged that it was the duty of the court to so instruct on its own motion, and that its failure so to do is error. It is the duty of the trial court to

submit, under suitable instructions, the various degrees of homicide, whenever there is evidence to warrant such submission. *Kraus v. State*, 102 Neb. 690. In the instant case we are not pointed to any evidence tending to support the charge of manslaughter, and without such evidence the court would not be warranted in submitting that question to the jury.

In conclusion, it is urged that the court erred in overruling defendant's motion, made at the close of the state's case in chief, to compel the state to produce the dying statement of the deceased as part of the *res gestæ*. Immediately following the making of this motion, counsel for the state announced in open court that the state had produced all evidence touching the commission of the crime, except such as might be cumulative. Counsel for defendant then asked that the record be made to show that he called the state's attorney to the witness stand—for what purpose is not clear, but presumably to show that there was a dying statement. The court stated that the record might so show. Counsel did not propound any interrogatory to the witness, nor offer to prove by the witness that there was a dying declaration, and there is no showing that deceased made a dying declaration.

The record is free from error, and the judgment is

AFFIRMED.