## NICHOLS *v.* THE STATE OF OHIO.

*Criminal law — Indictment for assault to kill — Conviction of assault and battery — Charge to jury — Submission of greater offense not error, when — Error proceedings — Review — Errors disregarded — Proceedings as to major offense.*

1. In a criminal prosecution the submission to the jury of the question of defendant's guilt of a higher grade of offense than that for which conviction is had is not error where there is some evidence to sustain such a charge, although such evidence would probably not be sufficient to support a verdict of guilty thereon.

2. An instruction relating to a certain charge in one count of an indictment, or the failure to have it arrested from the consideration of the jury, will not be considered on a writ of error from a conviction of the defendant on other charges in the indictment.

(Decided December 10, 1920.)

ERROR: Court of Appeals for Clinton county.

*Mr. H. S. Pulse* and *Messrs. Smith, Rogers & Smith,* for plaintiff in error.

*Mr. S. L. Gregory,* prosecuting attorney, for defendant in error.

SHOHL, P. J. Plaintiff in error, Frank M. Nichols, with others, was indicted by the grand jury of Clinton county and charged with the offense of assault with intent to kill one E. K. Miller.

For some time prior to the date of the matters that led to the indictment there had been a controversy among some of the citizens of Clinton county, growing out of the affairs of the Jefferson township school district and the management and administration of the schools. A number of citizens attended the meeting of the board of education. An altercation arose out of the discussion, and E. K. Miller, the prosecuting witness herein, who was president of the school board, was struck and knocked down. The testimony is conflicting, but there was evidence tending to show that the plaintiff in error had struck him.

At the close of the evidence offered by the state, the defendant made the following motion:

"The State having rested its case, counsel for defendant at that point, demurs to the evidence offered by the State in support of the charge as alleged in this indictment, to-wit: that of assault with intent to kill; and further moves the court to direct the jury to render a verdict of not guilty, as to that feature of the charge, thereby eliminating from the further consideration of the jury the crime of assault with intent to kill."

The motion was overruled and exceptions noted.

The jury rendered a verdict finding the defendant guilty of assault and battery only.

The principal contention on behalf of plaintiff in error is that there was no evidence sufficient to go to the jury to warrant the charge of assault with intent to kill, and that the court erred in not withdrawing that phase of the charge from their consideration. It is urged that this error was prejudicial, though the accused was not found guilty of assault with such intent. It is argued that though there may have been evidence sufficient to support a charge of assault and battery, the improper submission of the more serious offense was calculated to confuse and mislead the jurors, and tended to cause a conviction of the lesser crime, of which the accused might have been acquitted had not the other issue been interjected.

In addition to the case of *Reynolds* v. *The People,* 41 How. Pr., 179, the court has examined many decisions, including *Botsch* v. *State,* 43 Neb., 501, and *State* v. *Kyne,* 86 Ia., 616, 53 N. W. Rep., 420, where the principle contended for is elaborated.

An examination of the record leads to the conclusion that there was some evidence tending to show assault with intent to kill. The proper inferences to be drawn regarding the intent was for the jury under all the circumstances. It is not error in a criminal prosecution to submit to the jury the question of the defendant's guilt of a higher grade of offense than that for which the conviction is had, when there is some evidence to sustain such a charge, although it is probable that a verdict therefor, had one been rendered, would have been set aside as not supported by sufficient evidence. See *Whitner* v. *State,* 46 Neb., 144. While this would dispose of the ground of error urged, the researches

of the court have led to grave doubt as to the correctness of the rule set forth in the cases of *Reynolds* v. *The People* and *Botsch* v. *State.* The clear weight of authority is that where the defendant is accused of a charge in one count of an indictment, an instruction relating to it, or a failure to have arrested it from the consideration of the jury, will not be considered on a writ of error from a conviction on other charges therein. An illustrative case is *Morse* v. *United States,* 174 Fed. Rep., 539. See authorities collected in 1st and 2nd Decennial Digests under the topic Criminal Law, Section 1172 (8). The jury may in fact tend to be influenced by the charges other than those of which they find the defendant guilty, and the point contended for is not entirely devoid of merit. Other considerations, however, have apparently outweighed the possible evil that might so result. To carry the proposition contended for to its logical conclusion would argue for a reversal of conviction where one of many counts was improperly allowed to go to the jury and the accused was convicted on all but that one. If a motion were made similar to the one in the instant case, the proposed rule would require the reversal of a conviction of a defendant of a less offense than murder in the first degree on an indictment for such degree of the crime if the reviewing court should be unable to find evidence of premeditation. Such a rule is not practical in its operation, nor would it be conducive to the accomplishment of justice in criminal jurisprudence. This renders it unnecessary to consider the effect of the failure to renew the motion at the conclusion of all the evidence.

There are other errors assigned.

The court is inclined to the view that there was some evidence improperly admitted. An examination of the entire record, however, convinces the court that such evidence was not important and that its admission did not constitute prejudicial error. The judgment of conviction will be affirmed.

*Judgment affirmed.*

Hamilton and Cushing, JJ., concur.