HERBERT T. PEMBROOK v. STATE OF NEBRASKA.

FILED JANUARY 10, 1929. No. 26389.

*C. L. Stewart* and *Waring & Waring,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

At Harvard, in Clay county, in an altercation between one French and the plaintiff in error, hereinafter called defendant, in which such French was the aggressor, the latter was stabbed several times by defendant with the blade of a small pocket knife, from which wounds French died. An information was filed which, omitting formal parts, charged that: "Defendant, unlawfully, feloniously, purposely and of his premeditated malice, stabbed Herbert French with a knife, and as a result thereof he died September 19, 1927. Defendant, Herbert T. Pembrook, thus committed murder in the first degree." To this information defendant interposed a plea of not guilty. Trial was had, jury instructed as to first and second degree murder, and manslaughter, and defendant found guilty of murder in the second degree and sentenced to imprisonment for twenty years; to reverse which judgment he prosecutes error.

At the threshhold of every case stands the question of jurisdiction, which should be first to receive the trial court's consideration. The above indicated three offenses are specifically defined in the Compiled Statutes of Nebraska for 1922, and, so far as material, are as follows:

"Section 9544. Whoever shall purposely and of deliberate and premeditated malice * * * kill another * * * shall be deemed guilty of murder in the first degree.

"Section 9545. Whoever shall purposely and maliciously, but without deliberation and premeditation, kill another * * * shall be deemed guilty of murder in the second degree.

"Section 9546. Whoever shall unlawfully kill another without malice, either upon a sudden quarrel, or unintentionally, while the slayer is in the commission of some unlawful act, shall be deemed guilty of manslaughter."

In these enactments the legislature was dealing with the most sacred and highly prized rights of mankind—life and liberty. This it must have realized at the time, as by carefully selected words it restricted the application of each quoted statute to those persons coming clearly within its provisions. Hence, in construing such enactments as quoted, each word should be considered as material and permitted its full force and effect.

The unbroken holdings of this court have been that, in charging these crimes, the pleader must follow the words of the above statutes, or use their equivalent. In harmony with this rule, and in furtherance of uniformity and dispatch, in *Nichols v. State,* 109 Neb. 335, under a statute authorizing this court to establish rules, we promulgated a plain, succinct form charging murder in the first degree, as a guide to bench and bar. This form was followed in the instant case, except that the words "deliberate and" which appear in such form between the words "of his" and "premeditated" are, as we have seen, omitted.

At the trial the court, in instruction 1, described the charge against the defendant by including therein that part of the information hereinbefore quoted. Instruc 2 informed the jury: "The charge against the defendant as made in said information covers and includes three different grades or degrees of the offense commonly termed 'homicide,' which is the unlawful killing of another person. These degrees are termed, 'murder in the first degree,'

'murder in the second degree,' and 'manslaughter.' " And further appearing in such instruction is practically a re-iteration of the aforesaid quoted sections. This is followed by the challenged instruction 3, wherein the court undertook to define, for the enlightenment of the jury, the words "purposely," "deliberate," "premeditated," and "malice," as such words respectively are used in the statutes being considered; and in so doing, as we conclude, informed the jury that—"By the word 'purposely' is meant intentionally." That "deliberate" and "premeditated" "mean substantially the same thing and signify that the act to which they are applied is not suddenly and rashly done but has been planned or thought of beforehand." And further on in the same instruction informed the jury—"If a person has actually formed the purpose to kill, and has deliberated or premeditated upon it before he performs the act, and then performs it, he is guilty of murder in the first degree however short the time may have been between the forming of the purpose and its execution." As to "malice" the court stated to the jury that—"Malice, in law, signifies hatred or ill will; so that when one wilfully and without just cause or excuse does that which he knows will seriously injure another person it is then done with malice or maliciously." It should be said, however, that the above are but parts of this challenged instruction, and that in other parts thereof the elements of first and second degree murder and manslaughter are correctly reflected.

Thus, it becomes essential that we analyze instructions 1, 2, and 3, and the information. As well said in *State v. Mangano*, 77 N. J. Law, 544, 546, quoting with approval from *State v. Deliso*, 46 Vroom (N. J. Law) 808: "While the statute in its enumeration of the three mental states essential to murder in the first degree places the word 'wilful' (in our statute 'purposely') before 'deliberate' and 'premeditated,' these mental states normally succeed each other in the inverse order, premeditation, both as a mental process and by force of its prefix, necessarily preceding the weighing of the mental content that is implied by the

figurative term 'deliberate,' both of which must precede the acceptance by the will of the matter thus previously premeditated upon and weighed." As used in our statutes, "purposely" means intentionally, "deliberate" means maturely reflected, and "premeditated" means conceived beforehand. In defining "malice" the trial court gave the *common* acceptation of the term and designated it as the *legal* acceptation. While this was not necessarily reversible error, the better course would have been to have given the instruction approved by us in *Housh v. State,* 43 Neb. 163, 167, as follows:

" 'Malice,' in its legal sense, differs from the meaning which it bears in common speech. In common acceptation it signifies ill will, hatred, or revenge toward a particular individual. Such a condition of mind would, of course, constitute malice in the eye of the law, but such is not necessarily its legal sense. 'Malice,' in its legal sense, denotes that condition of mind which is manifested by the intentionally doing of a wrongful act without just cause or excuse. It means any wilful or corrupt intention of the mind."

Thus, we conclude that the trial court erred in instructing the jury, under the statutes here involved, that "deliberate" and "premeditated" mean substantially the same thing; also erred in the use of the word "or" in place of the word "and" in that part of instruction 3 wherein it is stated: "If a person has actually formed the purpose to kill, and has deliberated *or* premeditated upon it before he performs the 'act," etc.—thus reducing the scope of the statute as well as the amount of evidence necessary to a conviction; and further the court was incorrect in its definition of the term "malice."

This brings us to a consideration of the information, and incidentally instructions 1 and 2. Did the absence of the words "deliberate and" in such information render it ineffective to charge the crime of murder in the first degree? In *Simmerman v. State,* 14 Neb. 568, we announced the law to be: "To justify a verdict of murder in the first degree,

the evidence must show the killing to have been done not only *purposely,* but also with *deliberation* and *premeditation."* If it is necessary to prove *"deliberation,"* then it is elementary that it is equally necessary that such word or its equivalent be properly alleged in the information and covered by an instruction. This conclusion finds support in *State v. Johnson,* 8 Ia. 525, which has been by that court unbrokenly followed and approved, wherein it is held: "An instruction on the trial of an indictment for murder, which omits the element of premeditation, in defining the crime of murder in the first degree, is erroneous." It follows that the information under consideration does not charge murder in the first degree. It further follows that this necessarily renders prejudicially erroneous the giving of instruction No. 2 so far as it applies to murder in the first degree.

Further, we find the record is without proof to sustain a conviction of murder, either in the first or second degree. Thus, the giving of instruction 2 as to murder in the first and second degree was prejudicially erroneous. *Botsch v. State,* 43 Neb. 501; *Whitehead v. State,* 115 Neb. 143. Also, as French, the deceased, conceived and planned the fatal meeting, and was the aggressor at the start of the altercation, it might be advisable to say we do not want to be understood as holding that this record reflects sufficient evidence to warrant a conviction of the crime of manslaughter; and as a re-trial may be had, neither do we think it wise to discuss the indicated facts, notwithstanding we have read with care the entire record.

This renders it unnecessary to consider the other claimed errors.

The judgment of the trial court is reversed and the cause remanded.

REVERSED.