FLOYD CLARK V. STATE OF NEBRASKA.

FILED JULY 1, 1936. No. 29729.

*Thomas E. Dunbar*, for plaintiff in error.

*William H. Wright*, Attorney General, and *Paul P. Chaney*, contra.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

GOSS, C. J.

Defendant Clark was charged with murder in the first degree, was convicted of manslaughter, and was sentenced to serve ten years in the penitentiary.

Clark assigns many errors, among them that the court instructed the jury on first degree murder; another, that the court instructed the jury on second degree murder; whereas, defendant contends, there was no evidence to support the statutory elements of murder in the first degree or murder in the second degree.

So much of the statute on murder in the first degree as is applicable follows: "Whoever shall purposely and of deliberate and premeditated malice * * * kill another; * * * every person so offending shall be deemed guilty of murder in the first degree, and upon conviction thereof shall suffer death or shall be imprisoned in the penitentiary during life, in the discretion of the jury." Comp. St. 1929, sec. 28-401.

Murder in the second degree is defined as follows: "Whoever shall purposely and maliciously, but without deliberation and premeditation, kill another, every such person shall be deemed guilty of murder in the second degree; and, on conviction thereof, shall be imprisoned in the penitentiary not less than ten years, or during life." Comp. St. 1929, sec. 28-402.

Manslaughter is defined as follows: "Whoever shall unlawfully kill another without malice, either upon a sudden quarrel, or unintentionally, while the slayer is in the commission of some unlawful act, shall be deemed guilty of manslaughter; and, upon conviction thereof, shall be imprisoned in the penitentiary, not more than ten years nor less than one year." Comp. St. 1929, sec. 28-403.

The information charges that Clark made the felonious assault upon Jerry Jelinek and that Jelinek as a result thereof died on July 15, 1935. The evidence indicated that the alleged assault occurred July 10, 1935, about 7 in the

evening, in the rear of a saloon known as the "Mug House" in Nebraska City. Clark was a worker on the river improvements. Late in the afternoon he went to the Mug House. Jerry Jelinek, Jack Pierson and others were there. Jelinek had a quarrel over the rolling of dice and invited Jack Pierson out behind the saloon to fight. They went out and Jelinek and Pierson fought for a time. Pierson was smaller than Jelinek and did not allow the latter to clinch with him. Some one ordered the fighting to stop and Pierson took advantage of the opportunity to leave. Then Jelinek and Clark, who had gone out to watch, continued the fight. Clark testified that Jelinek came up behind him and struck at him and he knocked Jelinek down, which ended his connection with the quarrel. The testimony of others evidently convinced the jury that Clark kicked Jelinek in the abdomen and ruptured his bladder, distended with beer, as the evidence shows, and that resulting peritonitis caused his death. It will serve no useful purpose to review the evidence further. Suffice it to say that evidence presents a typical manslaughter case, if it can be believed that defendant's blows caused the death. At the most, it was the result of a drunken quarrel between two persons who were able to satisfy themselves only with physical combat when full of beer. Jelinek was noisy and quarrelsome, and witnesses testified that Clark was a very decent fellow when sober but belligerent when under the influence of liquor.

The act of Clark lacked the elements of purpose and of deliberate and premeditated malice required as elements of first degree murder, and lacked the elements of purpose to kill and malice required in murder in the second degree. The court should not have submitted to the jury those degrees of homicide.

"On the trial of one charged with having committed the crime of murder in the first degree, it is the duty of the court to instruct the jury only on such degrees of homicide as find support in the evidence." *Williams v. State,* 103 Neb. 710, 174 N. W. 302.

"Where the evidence does not prove a higher grade of homicide than manslaughter, it may be prejudicial error to submit to the jury the issue of murder in the second degree, though the trial results in acquitting accused of the graver offense and in finding him guilty of the lesser." *Whitehead v. State,* 115 Neb. 143, 212 N. W. 35. See *Botsch v. State,* 43 Neb. 501, 61 N. W. 730; 30 C. J. 398; *Runyan v. State,* 116 Neb. 191, 216 N. W. 656; *Pembrook v. State,* 117 Neb. 759, 764, 222 N. W. 956.

It was prejudicially erroneous to instruct the jury on first and second degree murder. Such instructions had a tendency to mislead and confuse the jurors. It may be conceived, also, that it may have been an inducement to the jury to find the defendant guilty on the least of the three charges when, if that were the only charge submitted, they might have found him not guilty.

Other alleged errors are not discussed as they are not likely to arise upon a new trial.

The judgment is reversed and the cause is remanded for further proceedings.

REVERSED.