## ALBERT A. HASTINGS V. STATE OF NEBRASKA.

### 293 N. W. 236

#### FILED JUNE 28, 1940.   No. 30494.

*Hoagland, Carr & Hoagland* and *Beeler, Crosby & Baskins,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Milton C. Murphy, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The defendant, Albert A. Hastings, together with Clyde D. Macomber and Joseph R. Baskins, was charged in the district court for Lincoln county in the first count of the information with the kidnaping of the complaining witness, Sam I. Pappas, November 21, 1937; in addition thereto with robbing him of $275 (this count was subsequently dismissed) ; and in the third count with making an assault on him with intent to inflict great bodily injury. Upon a separate trial of Albert A. Hastings, the jury found him guilty of assault upon Sam I. Pappas with intent to inflict great bodily injury, and for this felony he was sentenced to serve a term in the penitentiary. As plaintiff in error, defendant Hastings has presented for review the record of his conviction.

The case of *Macomber v. State,* 137 Neb. 882, 291 N. W. 674, discloses the facts which constitute the basis of the

charge of kidnaping as filed against this defendant. We shall refrain from unnecessarily lengthening this opinion by a detailed recital of the facts, and for a statement of the facts refer to *Macomber v. State, supra,* especially so as to the facts stated therein which have been held by this court to be insufficient to prove beyond a reasonable doubt the crime of kidnaping, within the meaning of section 28-417, Comp. St. 1929.

The offense of kidnaping, as charged in the information, was submitted to the jury by the trial judge in the instant case. The following authorities are apparently conclusive of the point of law involved in the instant case and have not been modified or changed from the pronouncement of the rule:

In *Botsch v. State,* 43 Neb. 501, 61 N. W. 730, this court held: "Where an information contained two counts, one of assault with intent to commit murder and the second of an assault with intent to do great bodily injury, and there was no evidence to support the charge set forth in the first count, it was error which was calculated to confuse and mislead the jurors, and prejudicial to the parties on trial under the complaint, to submit to the jury the question of the guilt or innocence of such parties of the crime charged in the first count, although they were not convicted of such crime." See, also, *Russell v. State,* 66 Neb. 497, 500, 92 N. W. 751; *Runyan v. State,* 116 Neb. 191, 195, 216 N. W. 656; *Pembrook v. State,* 117 Neb. 759, 222 N. W. 956; *Broquet v. State,* 118 Neb. 31, 223 N. W. 464; *Clark v. State,* 131 Neb. 370, 268 N. W. 87.

In the instant case, in instruction No. 2, the court set forth the information containing the charge of kidnaping; in instruction No. 4 informed the jury that the state must establish beyond a reasonable doubt certain elements of the offense of kidnaping in order to convict the defendant of the offense; and in instruction No. 11 informed the jury as to the statutory conception of the offense of kidnaping. It is therefore obvious that the trial court did submit to the jury the offense of kidnaping.

The defendant Hastings moved the court to dismiss count one of the information, being the count involving kidnaping, upon the ground that the evidence was insufficient, as stated by the special prosecutor in his opening statement, to warrant the court in submitting the offense of kidnaping to the jury, and that to allow evidence of it to be taken would be highly prejudicial. The court overruled this motion. At the close of the state's evidence, defendant's counsel moved the court to direct a verdict in defendant's favor on count one of the information, for the reason that the evidence offered by the state would in no manner warrant returning a verdict of kidnaping, as charged in count one of the information. This motion was overruled. At the close of all of the evidence, defendant's counsel again moved the court to instruct a verdict upon count one of the information, for the reason that the evidence adduced on the trial of the case was insufficient to warrant the submission of the crime of kidnaping to the jury. This motion was' overruled. The submission of the offense of kidnaping, under the circumstances, constitutes prejudicial error.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.

PAINE, J., dissents.

ROSE, J., dissenting.

In my opinion the evidence of kidnaping was sufficient to justify the submission of the case to the jury on that issue and I dissent from the reversal on that ground.

EBERLY, J., joins in the dissent.