James F. BUSH, Appellant,

v.

STATE of Alaska, Appellee.

No. 265.

Supreme Court of Alaska.

Dec. 28, 1964.

W. C. Arnold and George L. Gucker, Anchorage, for appellant.

James N. Wanamaker, Dist. Atty., Anchorage, John L. Devney, Ass't Dist. Atty., for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant was indicted for first degree murder. On his trial he was convicted of manslaughter. Appellant contends on this appeal that the court erred in denying his motions for acquittal as to the offenses of first and second degree murder, and in charging the jury as to the elements of those two crimes.

Appellant's argument is mainly devoted to the proposition that error in instructing as to first and second degree murder was not cured by the return of a manslaughter verdict. On this question the courts are divided. Some are of the view that error in giving instructions as to higher degree of a crime is harmless where the defendant is convicted of a lower degree of the crime.[1] Other courts hold that such error is prejudicial and is not cured by conviction of a lesser included offense.[2] We do

1. State v. English, 233 Or. 500, 378 P. 2d 997, 998 (1963); State v. Carabajal, 26 N.M. 384, 193 P. 406, 409, 17 A.L.R. 1098 (1920); State v. Ernst, 150 Me. 449, 114 A.2d 369, 377 (1955); State v. Strong, 339 S.W.2d 759, 764–765 (Mo. 1960); Loudenback v. Territory, 19 Okl. 199, 91 P. 1030, 1031 (1907); but see

Booker v. State, 312 P.2d 189, 193–194 (Okl.Crim.App.1957).

2. People v. Marshall, 366 Mich. 498, 115 N.W.2d 309, 311–312 (1962); Clark v. State, 131 Neb. 370, 268 N.W. 87, 88–89 (1936); Tate v. People, 125 Colo. 527, 247 P.2d 665, 672 (1952); but see

not decide the question here because we are of the opinion that there was no error in charging the jury as to first and second degree murder.

Appellant was charged with killing Jack Griffiths whose death was caused by a blow or blows to the head which crushed his skull. Appellant admitted striking Griffiths on the head with a stick of fire wood, but claimed it was done in self-defense and that he had no intention to kill.

Appellant testified that he had gone to Griffiths' house, knocked, and upon Griffiths' invitation opened the door and stepped in. Griffiths, who was lying on the bed on his right side propped up on an elbow, sat up on the bed with his feet on the floor, picked up a rifle and threatened appellant with it. Appellant picked up a piece of stove wood and with his left hand hit Griffiths twice on the right side of the head just above the ear. At the same time appellant knocked the rifle away with his right forearm. Appellant then left the house. He did not mention the incident to anyone until Griffiths' body had been found and an investigation was in progress. Appellant testified that he had not tried to kill Griffiths but was just trying to prevent Griffiths from shooting him.

Appellant contends that the evidence does not show the elements of purpose and deliberate and premeditated malice essential to proof of first degree murder[3], or the elements of purpose and malice, essential to proof of second degree murder.[4] This contention would have merit if the killing of Griffiths were to be considered only from the aspect of what appellant had to say about it. But the jury had other facts to consider—facts which reasonably could have led the jury to the conclusion that appellant's story of an unintentional killing in self-defense was fabricated, and that appellant in fact had purposely struck Griffiths and crushed his skull with the premeditated and deliberate intent to take his life.

On October 7, 1961 appellant was in Griffiths' house visiting the latter's daughter, Dolores. Her mother and sister were present at the time. At about 7:30 p. m. Griffiths, who had been drinking, arrived and ordered his family and appellant out of the house. Griffiths was apparently in an ugly mood, and his family spent the night at the home of a friend.

The state introduced evidence to the effect that appellant was angered by the way he and Griffiths' family had been treated, that appellant had wanted to fight Griffiths, and that when appellant left a bar for Griffiths' home at about 1:00 a. m. he was mad or upset. The state also produced evidence to the effect that when Griffiths had left a bar to go home the night he was killed, he was so intoxicated that he was very likely passed out at the time appellant claimed he had been there and struck Griffiths with a piece of fire wood in self-defense.

Pictures of Griffiths taken after his death show him lying on his back on a bed, with his legs drawn up on the bed

Walker v. People, 126 Colo. 135, 248 P. 2d 287, 299 (1952). Cf. Hansborough v. United States, 113 U.S.App.D.C. 392, 308 F.2d 645, 647–648 (1962).

3. AS 11.15.010 provided:
   "*First degree murder.* A person who, being of sound memory and discretion, purposely, and either of deliberate and premeditated malice or by means of poison, or in perpetrating or in attempting to perpetrate, rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree, and is punishable by imprisonment at hard labor for life or for any term of years." This section has since been amended as to the penalty. SLA 1964, ch. 43, § 5.

4. AS 11.15.030 provided:
   "*Second degree murder.* Except as provided in §§ 10 and 20 of this chapter, a person who purposely and maliciously kills another is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for not less than 15 years." This section has since been amended as to the penalty. SLA 1964, ch. 43, § 7.

and turned to the left. A pathologist testified that because of the extensive brain damage caused by the crushing of his skull it was not reasonable that Griffiths could have assumed the position shown by the photographs if at the time the skull was crushed Griffiths had been sitting on the bed with his feet on the floor as appellant claimed he was. There was no evidence to show that Griffiths' body had been moved by anyone after appellant had struck him. The pathologist also testified that he had found no marks on Griffiths' hands indicating that he was holding a rifle at the time he was killed, and that he would have expected to have found such marks had Griffiths been holding the rifle which appellant had testified about. There was testimony that no fingerprints were found on the weapon.

On a motion for a judgment of acquittal the judge must take the view of the evidence and the inferences therefrom most favorable to the state.[5] If he determines that fair minded men in the exercise of reasonable judgment could differ on the question of whether guilt has been established beyond a reasonable doubt, then he must submit the case to the jury.[6] Applying those rules here we hold that the evidence was sufficient to warrant submitting to the jury the question of whether appellant was guilty of first or second degree murder. We believe that a fair minded person could conclude beyond a reasonable doubt that appellant's account of his altercation with Griffiths in Griffiths' home was fabricated; and that appellant had gone to Griffiths' home with anger in his heart and had struck Griffiths on the head with a piece of wood with sufficient force to crush his skull at a time when Griffiths was asleep or unconscious from the effects of alcohol and unable to defend himself. In such circumstances the elements of purpose, deliberation, premed-

itation and malice could be found. There was no error in denying the motions for acquittal and in charging the jury as to the crimes of first and second degree murder.

The judgment is affirmed.

---

5. Eaton v. State, 390 P.2d 218, 219 (Alaska 1964).

6. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, 232 (D.C.Cir.) cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).