**Maria SPIGHT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 963.**

Supreme Court of Alaska.

Feb. 10, 1969.

M. Ashley Dickerson, Anchorage, for appellant.

Douglas B. Baily, Dist. Atty., Harold W. Tobey, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant's main point on appeal is that her constitutional right to a speedy trial was denied by the granting of various continuances.

The pertinent facts are contained in the testimony of the complaining witness and the police officers. The complaining witness testified that he went to the Nevada

Tavern and "had a couple beers" and eventually became engaged in a conversation with appellant. The subject eventually turned to sex with the result that appellant agreed to engage in an act of sexual intercourse with him for the sum of $30. Appellant was given the keys to the complaining witness' pick-up automobile whereupon appellant started the pick-up and returned to the tavern to finish her beer. After finishing their beer appellant and the complaining witness drove to an address indicated by appellant. After entering the apartment appellant served the complaining witness a beer and then asked him for $30. The complaining witness made no reply whereupon the appellant went into the bedroom and returned clad only in a "bra and half-slip." She again requested $30 and again the complaining witness made no reply. Appellant then went to the bedroom and returned with a pistol saying, "Now you gonna give me that Thirty Dollars?" Appellant then walked to the south wall of the apartment where she picked up a vase and tapped against the wall. Immediately thereafter two colored men entered the apartment through the front door. The larger of the two men took the pistol from appellant saying, "Now, Baby you don't want to do that." The smaller of the two men struck the complaining witness on the right side of the face while the large man held the gun in front of his face and then he too struck the complaining witness. The complaining witness then gave the man two twenty dollar bills and was given a ten dollar bill in change. The complaining witness then left and went directly to the city police. In company with an officer the complaining witness returned to the address, and went from there to the Nevada Tavern and to various other bars attempting to locate appellant, all without success. Some five days after the incident the complaining witness identified appellant.

Appellant was indicted for robbery,[1] convicted by a jury and sentenced to serve three years.

Appellant argues that she was denied a speedy trial within the meaning of the Sixth Amendment to the United States Constitution and Article I, section 11 of the Alaska constitution.[2]

The questions of what is a speedy trial and what constitutes a violation of a person's constitutional right to a speedy trial were discussed in Medina v. People,[3] where the court said:

> What is a 'speedy public trial'? Most important, it involves a 'trial'—a judicial examination of issues present in a criminal case in order to arrive at a just result. Justice to both the accused and the public is the primary objective. Frankel v. Woodrough, 8 Cir., 7 F.2d 796. See People v. Henwood, 65 Colo. 566, 179 P. 874. 'Speed' is important insofar as it aids in the achievement of such justice. Hence, a speedy public trial is a relative concept in that the circumstances of each case determine whether it has been afforded an accused.

The court in *Medina* went on to quote the following language from Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed.2d 950, 954 (1905):

---

1. The indictment was based on AS 11.15.-240 which states:
A person who, by force or violence, or by putting in fear, steals 'and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. The Sixth Amendment to the United States Constitution in pertinent part states:
* * * in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *.

Art. I, § 11, Alaska constitution, in pertinent part states:
In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.

3. 154 Colo. 4, 387 P.2d 733, 736 (1963).

The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. *It does not preclude the rights of public justice.* (Emphasis supplied by *Medina* court).

The first date set for appellant's trial was August 14, 1967. However, in July of 1967 the parties stipulated to a continuance to the week of September 11, 1967. Then at appellant's request, the trial date was continued to October 2, 1967. On October 2, 1967, the complaining witness was not present and it was learned that he had not been served by subpoena to appear and testify. On the state's motion, the trial was continued to December 4, 1967. Although the complaining witness had been subpoenaed, he did not appear on December 4 as ordered. A bench warrant was issued and trial was continued to 2 p.m. of the same day. Since the complaining witness could not be found by 2 p.m., the trial date was continued to December 28, 1967. On December 28, 1967, trial was commenced but a mistrial was declared on December 29, 1967. On January 2, 1968, trial was delayed one half day at the request of appellant. Trial finally commenced on the afternoon of January 2, 1968.

Appellant does not attempt to deal specifically with each of the continuances in her brief. Instead she bases her case upon the general proposition that where there has been an extended delay in bringing a defendant to trial, it is not necessary that the defendant affirmatively show prejudice because of the delay. From this premise appellant argues that the court erred in failing to dismiss the charge.

■ Appellee has dealt specifically with each continuance in its argument and correctly points out that since the continuance to September 11, 1967, was based on a stipulation entered into by both appellant and the state, and the continuance to October 2, 1967, was granted at appellant's request, that these continuances do not provide a basis for appellant to argue that she was deprived of her constitutional right to a speedy trial. The October 2 and December 4 continuances were granted by the court at the request of the state because of difficulties encountered in producing the complaining witness for trial.

■ The trial court had a discretionary authority to grant such continuances and unless it abused its discretion, this court will not interfere. The weight of authority is that unless the resulting delay is purposeful, oppressive, or prejudicial to the defendant the granting of a continuance is not a violation of the defendant's constitutional right to a speedy trial.[4] The United States Supreme Court most recently outlined the Sixth Amendment's purpose in United States v. Ewell.[5] Safeguarded is freedom from prolonged and oppressive pre-trial incarceration, unnecessary anxiety and public suspicion attendant untried criminal accusations, and impairment of the accused's ability to adequately defend himself because of lost witnesses and dulled memories.

■ The appellant has not shown that the continuances were purposeful or oppressive or that they prejudiced her defense in any manner. Nor does it appear that there was any significant lack of diligence on the part of the state in producing a reluctant and evasive complaining witness. Accordingly, we hold that the court did not abuse its discretion and that appellant's constitutional right to a speedy trial was not violated.

Appellant's second point is that the court erred in refusing to grant defendant's request for a bill of particulars and in failing to dismiss the indictment.

Appellant's argument seems to be that since the indictment made no mention of accomplices or prostitution that appellant was hampered in presenting her defense.

4. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393, 399 (1957).

5. 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, 630 (1966).

■ Since the indictment alleged the offense in the form approved by AS 12.40.100 and Criminal Rule 7(c), appellant's argument that it was insufficient is without merit.[6]

■ Appellant's request for a bill of particulars set out 10 paragraphs of requested information, some of which was granted by the court. Appellant does not pinpoint her argument with respect to the trial court's alleged error in denying portions of her request and for this reason it is not possible to deal with a specific argument.

Appellant's next point is that the court erred in giving its instruction number 14(a) which stated:

When, as in this case, it is alleged that the crime charged was committed 'on or about' a certain date, if the jury finds that the crime was committed it is not necessary that the proof show that it was committed on that precise date; it is sufficient if the proof shows that the crime was committed on or about that date.

Counsel for appellant registered no formal objection at the time the court solicited objections but now contends that she objected to the instruction in the following exchange between herself and the court:

THE COURT: Mrs. Dickerson, I gave you another instruction and if you have something you might want to call to the Court's attention and you want to lo — a — you might want to. * * *

MRS. DICKERSON: Ahh * * *

THE COURT: * * * comment on it * * *

MRS. DICKERSON: * * * 14 a?

THE COURT: Yes, uh-huh. (Pause) I just called it to your attention in the event that you want to, ah * * *.

MRS. DICKERSON: Yes, I see, Your Honor. I don't believe however that there's anything to show that it was committed at any other time than this date.

Ah, he has stuck to February 14, ah, throughout his testimony.

Rule of Criminal Procedure 30(a) states in pertinent part:

[N]o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections.

■ Since it is obvious that appellant failed to register an objection to the instruction in accordance with the requirements of the rule, we shall not consider an objection raised for the first time on appeal.

Appellant's last point is that the court erred in denying her motion for a judgment of acquittal at the close of the case.

In Bush v. State,[7] this court said:

On a motion for a judgment of acquittal the judge must take the view of the evidence and the inferences therefrom most favorable to the state. If he determine that fair minded men in the exercise of reasonable judgment could differ on the question of whether guilt has been established beyond a reasonable doubt, then he must submit the case to the jury.

In her argument in support of this point appellant dwells upon certain of the evidence which she contends was not believable or that was in favor of the appellant but which was unrefuted and generally on the insufficiency of the state's evidence.

■ A review of the record indicates that the quantity and quality of the evidence submitted was sufficient to require the court to submit the case to the jury under the rule of *Bush* quoted above. We find no error on this point.

Finding no error in the case as a whole, the judgment below is affirmed.

6. Price v. State, 437 P.2d 330, 331–432 (Alaska 1968); Adkins v. State, 389 P.2d 915, 916 (Alaska 1964).

7. 397 P.2d 616, 618 (Alaska 1964).