*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ROWAN B. SR., | ) | |
| | ) | Supreme Court No. S-15862 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3PA-12-00057/ |
| v. | ) | 00058/00059 CN |
| | ) | |
| STATE OF ALASKA, DEPARTMENT | ) | O P I N I O N |
| OF HEALTH & SOCIAL SERVICES, | ) | |
| OFFICE OF CHILDREN'S SERVICES, | ) | No. 7065 – November 25, 2015 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Josie Garton, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellant. Laura Fox, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for Appellee. Rachel Levitt, Assistant Public Advocate, Palmer, and Richard Allen, Public Advocate, Anchorage, Guardian Ad Litem.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

FABE, Justice.

## I.   INTRODUCTION

A father appeals the termination of his parental rights to his three biological children. The children were adjudicated children in need of aid based on findings that

the father had sexually and physically abused his daughters.  In a criminal proceeding the father was convicted on 29 counts of sexual abuse of a minor in the first degree and one count of incest.  The father sought a delay of the termination proceedings pending appeal of his criminal convictions, but the superior court denied this continuance request. The father appeals, arguing that the superior court abused its discretion by denying the request.  Because the superior court did not abuse its discretion in concluding that the children's interest in permanency weighed heavily against delaying  the termination proceedings for years while the father pursues his criminal appeal, we affirm.

## II.    FACTS AND PROCEEDINGS[1]

Rowan B., Sr. and Risa F. are the divorced parents of three children: Agnes, Rowan Jr. (Junior), and Saul.[2]  After Rowan and Risa divorced, Rowan received custody of their three children as well as custody of Risa's two older daughters, Aeryn and Reagan.  Aeryn and Reagan have now reached the age of majority.

In 2012 Aeryn reported to the police and the Office of Children's Services (OCS) that she and Reagan had been physically and sexually abused by Rowan over an extended time period.  Aeryn also expressed her concern that Rowan was sexually abusing Agnes.  OCS filed an emergency custody petition and removed the minor children — Agnes, Junior, and Saul — in June 2012.

---

[1]    We previously reviewed the superior court's adjudication of the children as children in need of aid (CINA). *See Rowan B., Sr. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 320 P.3d 1152, 1156-57, 1159 (Alaska 2014) (remanding and retaining jurisdiction due to legal error when denying discovery request); *Rowan B., Sr. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-15107, 2014 WL 4057175, at *1 (Alaska Aug. 13, 2014) (affirming CINA adjudication).

[2]    We use pseudonyms to protect the family's privacy.

The superior court held a contested adjudication proceeding in January and February 2013. Aeryn and Agnes both testified about Rowan's sexual and physical abuse. Noting that he potentially could face criminal charges, Rowan chose not to testify at the adjudication proceedings.

At the conclusion of the adjudication proceedings, the superior court found that Rowan had sexually and physically abused Aeryn and Agnes. Relying on Aeryn's and Agnes's testimony the court found that Rowan had threatened to kill Aeryn and Agnes if they told anyone about the abuse. The court adjudicated Agnes, Junior, and Saul children in need of aid based on Rowan's physical and sexual abuse of Agnes and on Junior's and Saul's "repeated exposure to this severe abuse."

Rowan appealed the CINA adjudication, in part challenging the superior court's denial of certain discovery requests.[3] We concluded that it was error to deny Rowan's discovery requests without properly applying the Alaska Civil Rules, and we therefore remanded for resolution of Rowan's discovery requests.[4] "On remand the superior court obtained, reviewed, and made available the various discovery items" and "invited supplemental briefing," but Rowan failed to respond.[5] We once again addressed the CINA adjudication and affirmed, after concluding that "the superior court's determination that Rowan sexually abused the children or placed them at risk of sexual abuse, is not clearly erroneous."[6]

After the CINA adjudication, Rowan was charged in a separate criminal proceeding for his sexual abuse of Aeryn, Reagan, and Agnes. A jury convicted Rowan

---

[3] *See Rowan B., Sr.*, 320 P.3d at 1156-57.

[4] *Id.* at 1157-59.

[5] *Rowan B., Sr.*, 2014 WL 4057175, at *1.

[6] *Id.*

of 29 counts of first degree sexual abuse of a minor and one count of incest. He was sentenced to a composite term of 268.5 years with 107 years suspended and 161.5 years to serve. Rowan is appealing his criminal convictions.

In April 2014 OCS petitioned to terminate Rowan's and Risa's parental rights. In his trial brief Rowan requested that the superior court hold its ruling "in abeyance" while Rowan appealed his criminal convictions, arguing that "the reversal of the convictions could significantly change [Rowan's] ability to participate in the case plan." The superior court ordered supplemental briefing to obtain legal argument addressing Rowan's request.

In a supplemental brief Rowan argued that a delay of the termination trial pending his criminal appeal could affect the outcome of the proceedings if his convictions were reversed and would not prejudice the children:

> [T]he state's evidence against [Rowan] consists of the judgment in the criminal case. There is a pending appeal of the conviction. The conduct in the criminal case is essentially the same conduct that was alleged in the Child in Need of Aid matter. A reversal of the conviction could result in the discovery of new information regarding the allegations which are the basis of both the Child in Need of Aid matter and the criminal matter. The children are in a stable family placement, a placement which is not in jeopardy if the trial regarding [Rowan] is held in abeyance. . . . [T]he court has the discretion to hold the trial in abeyance pending the outcome of a significant criminal case, and must evaluate in each case whether [to] hold[] the trial in abeyance pending the outcome of the criminal matter.

OCS responded, asserting that Rowan's "appeal of his criminal case has little to do with the evidence before the court because the department is not relying solely on his convictions of sexual abuse of a minor." OCS explained that the superior court had "heard direct testimony and evidence of the sexual abuse and physical abuse by

[Rowan] . . . and the continued safety risks to the children." OCS noted that a trial court must hold a termination trial within six months of OCS petitioning to terminate parental rights unless the court finds good cause for a continuance, "taking into consideration the age of the child and the potential adverse effect that a delay may have on the child."[7] And OCS argued that Rowan's "last minute request to continue the trial or to hold the findings in abeyance for an indeterminate period of time, while he exhausts all criminal appeals and post-conviction relief options available to him, is not in the children's best interest."

The guardian ad litem (GAL) similarly argued that "the mere fact that [Rowan] has appealed his conviction does not constitute good cause for continuing this matter." The GAL explained that the superior court "need not rely upon the fact of [Rowan's] incarceration to adjudicate the children to be children in need of aid" because the court "heard clear and convincing evidence of the harm that [Rowan] caused and the danger that he poses to his children." The GAL argued that the children needed "a sense of safety and security" and that Rowan failed to show good cause to indefinitely continue the termination trial during the pendency of his criminal appeal.

The superior court proceeded with the termination trial in January and February 2015. During the trial Rowan again asserted that a continuance was warranted because OCS sought termination based on the same conduct that had been addressed in his criminal case, and because his ability to defend against the abuse allegations was constrained by his pending criminal appeal and "the potential Fifth Amendment

---

[7] *See* AS 47.10.088(j) ("No later than six months after the date on which the petition to terminate parental rights is filed, the court before which the petition is pending shall hold a trial on the petition unless the court finds that good cause is shown for a continuance. When determining whether to grant a continuance for good cause, the court shall take into consideration the age of the child and the potential adverse effect that the delay may have on the child.").

implications." Rowan estimated that "a year and three quarters to two years" would be enough time to conclude his criminal appeal.

The superior court denied the continuance request, noting that Rowan had requested a continuance for a speculative time period, that a continuance would delay permanency for the children, and that "[t]o delay that permanency for these children I don't think is in their best interests." The court also explained that it terminated Rowan's parental rights based on independent evidence of sexual abuse and that it did not believe that a reversal in Rowan's criminal appeal would entitle him to further termination proceedings. The court finally noted that exercising his Fifth Amendment privilege against self-incrimination had put Rowan "in a difficult position," but the court ultimately concluded that "the best interests of the children are paramount, and it's their interest that the court has to be looking at primarily in deciding whether or not extensive stays of a termination proceeding are warranted."

Rowan appeals, arguing that the superior court abused its discretion by denying his continuance request.

## III. STANDARD OF REVIEW

"We review a denial of a motion to continue for 'abuse of discretion, determining whether a party has been deprived of a substantial right or seriously prejudiced by the lower court's ruling.' "[8] "We will consider 'the particular facts and circumstances of each individual case to determine whether the denial was so unreasonable or so prejudicial as to amount to an abuse of discretion.' "[9]

___

[8]     *Hannah B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 289 P.3d 924, 930 (Alaska 2012) (quoting *Ben M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 204 P.3d 1013, 1018 (Alaska 2009)).

[9]     *A.A. v. State, Dep't of Family & Youth Servs.*, 982 P.2d 256, 259 (Alaska (continued...)

## IV. DISCUSSION

Alaska Statute 47.10.088(j) provides that in the absence of good cause for delay, a termination trial must commence within six months after the filing of the petition to terminate parental rights:

> No later than six months after the date on which the petition to terminate parental rights is filed, the court before which the petition is pending shall hold a trial on the petition unless the court finds that good cause is shown for a continuance. When determining whether to grant a continuance for good cause, the court shall take into consideration the age of the child and the potential adverse effect that the delay may have on the child. The court shall make written findings when granting a continuance.[10]

Rowan argues that the superior court's denial of his continuance request was an abuse of discretion because he "was seriously prejudiced by the denial." Pointing to the fundamental right "to care and custody of one's own child,"[11] Rowan asserts that there was good cause to continue the termination trial because his parental rights were terminated based on the same conduct addressed in his criminal case and because he was

---

[9] (...continued)
1999) (quoting *Alaska Marine Pilots v. Hendsch*, 950 P.2d 98, 104 (Alaska 1997)).

[10] *See also* CINA Rule 18(e) ("A trial on the petition to terminate parental rights shall be held within six months after the date on which the petition to terminate parental rights is filed, unless the court finds that good cause is shown for a continuance. When determining whether to grant a continuance for good cause, the court shall take into consideration the age of the child and the potential adverse effect that the delay may have on the child. The court shall make written findings when granting a continuance.").

[11] *Richard B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 831 (Alaska 2003) (quoting *J.M.R. v. S.T.R.*, 15 P.3d 253, 257 (Alaska 2001)).

unable "to f[r]eely and fully litigate the allegations of abuse."[12] But our prior decisions on this issue do not support Rowan's claim.

In *R.F. v. S.S.*,[13] R.F. had been convicted of murdering his child's mother, and his motion for a new trial in the criminal case had been denied and was on appeal.[14] After conducting a separate termination trial the superior court terminated R.F.'s parental rights; R.F. appealed, arguing that the court "should not [have] consider[ed] terminating his parental rights until after" a decision issued on his appeal of the denial of the motion for a new trial.[15] We disagreed, explaining that "the best interests of the child are paramount" and that "[t]o leave a child in limbo during his formative years based upon the slim chance that R.F. may prevail on one of his many possible post-conviction relief measures contravenes the primary purpose of Alaska's adoption statute: to advance the best interests of the child."[16] We noted with approval the superior court's conclusion that the benefit of permanency for R.F.'s son "strongly outweighed R.F.'s interest in waiting until after further post-conviction appeals have been heard."[17]

---

[12]     In his reply brief Rowan raises an additional argument: "And, so long as his convictions remain and he is imprisoned, he cannot fight termination because Rowan's convictions and imprisonment independently support termination, regardless of whether the trial court based its findings on the fact of the abuse." We do not address this argument "[b]ecause we deem waived any arguments raised for the first time in a reply brief." *Barnett v. Barnett*, 238 P.3d 594, 603 (Alaska 2010).

[13]     928 P.2d 1194 (Alaska 1996).

[14]     *Id.* at 1194-95.

[15]     *Id.* at 1195-96.

[16]     *Id.* at 1197.

[17]     *Id.*

Similarly, in *A.A. v. State, Department of Family & Youth Services*,[18] we emphasized that the child's best interests are paramount during termination proceedings.[19] A.A. had been convicted of murder and an appellate court had reversed his conviction.[20] Because of the reversal, A.A. requested a continuance of his termination trial until after his new murder trial.[21] The superior court denied A.A.'s continuance request and terminated his parental rights, noting that the termination decision was not based on the murder conviction and was instead based on other instances of A.A.'s violent behavior.[22] We affirmed, explaining that "a trial court should have the discretion to proceed to a termination trial without a final ruling on a parent's criminal appeal" and that "even when a court has overturned a parent's conviction, that reversal does not prevent termination of parental rights as long as the termination rests on other grounds."[23]

Rowan attempts to distinguish our decisions in *R.F.* and *A.A.* Rowan notes that in *R.F.*, the child's medical needs created an additional need for permanency and weighed against granting a continuance.[24] And Rowan argues that his children's situation is different because there was evidence that they were doing well in a

---

[18]    982 P.2d 256 (Alaska 1999).

[19]    *Id.* at 260.

[20]    *Id.* at 258-59.

[21]    *Id.* at 259.

[22]    *Id.*

[23]    *Id.* at 260.

[24]    *See R.F. v. S.S.*, 928 P.2d 1194, 1197 (Alaska 1996) ("The trial court found that [the child] has serious medical needs that can be fully addressed only if he has both the support and stability of a permanent family.").

permanent family placement so that "delaying the termination trial would have little impact on them." Rowan also argues that unlike the situation in *A.A.*, Rowan's parental rights were terminated based solely on conduct related to Rowan's criminal convictions. But Rowan's arguments are not persuasive.

Rowan exercised his right not to testify at the adjudication or termination proceedings. An individual "should not be penalized for invoking his Fifth Amendment privilege."[25] But when addressing Rowan's continuance request, the superior court had to balance Rowan's privilege against his children's "interest[s] in timely resolution of the proceedings."[26]

The Alaska Statutes and our precedent establish a clear policy: The best interests of children, including the interest in permanency as opposed to leaving children in limbo, are paramount.[27] Alaska Statute 47.10.088(j) requires a termination trial within six months of the termination petition "unless the [superior] court finds that good cause is shown for a continuance." Thus, the superior court could not grant Rowan's request for a lengthy continuance unless the court found good cause. And the legislature has

---

[25]     *Armstrong v. Tanaka*, 228 P.3d 79, 84 (Alaska 2010).

[26]     *Id.* at 84-85; *see also Sarah D. v. John D.*, 352 P.3d 419, 427 (Alaska 2015) ("Whether a continuance was properly denied turns on the particular circumstances of each case, but courts should 'balance the need[] for . . . promptness with the right[] to fair presentation of the case.' " (alterations in original) (quoting *Sylvester v. Sylvester*, 723 P.2d 1253, 1256 (Alaska 1986))).

[27]     *See* AS 47.10.005 ("The provisions of this chapter shall be liberally construed to . . . promote the child's welfare and the parents' participation in the upbringing of the child to the fullest extent consistent with the child's best interests . . . ."); AS 47.10.088(j) (requiring, absent good cause to the contrary, a termination trial no later than six months after a petition to terminate parental rights is filed); *A.A.*, 982 P.2d at 260 ("[I]n a termination trial, the best interests of the child, not those of the parents, are paramount.").

directed that when making a good cause finding, "the court shall take into consideration the age of the child[ren] and the potential adverse effect that delay may have on the child[ren]."[28]

The superior court properly analyzed the impact of a continuance on Rowan's children, finding that "[a] lengthy delay is not in the children['s] best interests." The court relied on evidence that the children were "anxious to proceed with adoption" and had already waited more than two years since their removal. And record evidence established that Rowan's appeal, and thus his requested continuance, would potentially take an additional two years.

The superior court emphasized the children's need for permanency, taking into consideration "the potential adverse effect that the delay may have on the child[ren],"[29] and determined that their interest outweighed any prejudice Rowan suffered from invoking his right not to testify at trial pending the appeal of his criminal conviction. The superior court recognized the difficulty of Rowan's position, but it ultimately denied the continuance, concluding that granting a continuance and delaying permanency was not in the children's best interests.[30] Finally, as OCS persuasively notes, delaying termination trials "until a parent can testify without fear of criminal consequences . . . would drag out the most serious CINA cases to the detriment of children who, like Agnes, have suffered the most severe abuse at the hands of their parents."

---

[28] AS 47.10.088(j).

[29] *Id.*

[30] The superior court also noted that because it had "heard independent evidence of the sexual abuse and continued safety risks to the children . . . any appeal of the criminal case w[ould] not likely entitle [Rowan] to further CINA proceedings."

We therefore conclude that the superior court did not abuse its discretion when it refused to continue the termination trial.

## V.    CONCLUSION

For the foregoing reasons we AFFIRM the superior court.