NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ROWAN B., ) | |
| ) | Supreme Court No. S-16563 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-15-09350 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, PALMER ) | AND JUDGMENT* |
| ALASKA COURT, JUDGE KARI ) | |
| KRISTIANSEN, RACHEL KAHLER, ) | No. 1661 – January 10, 2018 |
| OFFICE OF CHILDREN'S SERVICES, ) | |
| CARLA CULBRETH, ANCHORAGE ) | |
| POLICE DEPARTMENT, TOMA ) | |
| CALDAREA, ALASKA STATE ) | |
| TROOPERS, KRISTA ANDERSON, ) | |
| GUARDIAN AD LITEM OFFICE, ) | |
| SHANNA JOHNSTON, ASSISTANT ) | |
| ATTORNEY GENERAL OFFICE, ) | |
| ) | |
| Appellees. ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Rowan B., pro se, Seward, Appellant. Mark Cucci, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellees State of Alaska, Rachel Kahler, Office of Children's Services, Toma Caldarea, Alaska State Troopers, Krista Anderson, Guardian Ad Litem, and Shanna Johnston, Assistant Attorney General.

* Entered under Alaska Appellate Rule 214.

Thomas Dosik, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellees Alaska Court System, Judge Kari Kristiansen, and Palmer Court. Todd K. Sherwood, Assistant Municipal Attorney and William D. Falsey, Municipal Attorney, Anchorage, for Appellees Carla Culbreth and Anchorage Police Department.

Before:  Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

A father filed suit against various state and municipal entities and employees, collaterally attacking his criminal conviction for sexually abusing his daughter and step-daughters and the termination of his parental rights in a related child in need of aid (CINA) proceeding.  He also sought money damages under 42 U.S.C. § 1983.  The superior court dismissed the complaint on the bases of failure of service, judicial immunity, res judicata, and collateral estoppel.  The father's claims against the court system and the trial court judge were correctly dismissed based on judicial immunity, and the remaining claims are barred by res judicata and collateral estoppel. We therefore affirm the superior court's dismissal.

## II.    FACTS AND PROCEEDINGS

In 2013 Rowan[1] B.'s children were adjudicated children in need of aid after Superior Court Judge Kari Kristiansen found that Rowan had sexually abused his daughter and step-daughters.  Rowan appealed the adjudication, arguing that he was denied relevant materials in discovery.[2]  In March 2014 we remanded the adjudication

---

[1]    A pseudonym has been used to protect the privacy of Rowan B.'s children.

[2]    *Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of*
(continued...)

decision to give Rowan an opportunity to "bring any information obtained through discovery . . . to the attention of the trial court."[3] On remand the superior court "obtained, reviewed, and made available" the discovery materials, and invited supplemental briefing from the parties.[4] Judge Kristiansen determined that the newly provided materials did not alter her decision adjudicating the children as in need of aid.[5] We affirmed this decision in August 2014.[6]

In March 2014 Rowan was convicted of 29 counts of sexual abuse of a minor and one count of incest. He was sentenced to 268.5 years in prison with 107 years suspended.[7] The next month the Office of Children's Services (OCS) petitioned to terminate Rowan's parental rights, and they were terminated following a trial.[8]

Rowan filed his initial complaint in this case in January 2016. The third amended complaint named as defendants Judge Kristiansen; the Anchorage Police Department, along with one of its records clerks; and the State and several of its

---

[2] (...continued)
*Children's Servs.*, 320 P.3d 1152, 1156 (Alaska 2014).

[3] *Id.* at 1157.

[4] *Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-15107, 2014 WL 4057175, at *1 (Alaska Aug. 13, 2014) (affirming the determination).

[5] *Id.*

[6] *Id.*

[7] The Alaska Court of Appeals affirmed the conviction on appeal. The criminal cases do not refer to the appellant using a pseudonym; we do not cite to them in order to preserve his victims' anonymity.

[8] *See Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 361 P.3d 910 (Alaska 2015) (affirming the termination).

employees and agencies. Rowan alleged that Judge Kristiansen had improperly withheld discovery from him in his CINA case; that she allowed a minor witness to testify in the CINA case when she knew the witness had been instructed how to testify; and that she yelled at Rowan just before he was supposed to testify in the CINA case, which intimidated him from testifying. Rowan additionally claimed that the other defendants had improperly withheld evidence during earlier proceedings, violating his right to due process. He sought to have his parental rights of his sons restored, and apparently sought to have his convictions vacated. He also sought money damages from each defendant.

The State filed a motion to dismiss on behalf of Judge Kristiansen and the Alaska Court System on the basis that those parties were protected by judicial immunity. The superior court granted the motion and ordered Rowan to amend the caption to reflect the dismissal and to serve any unserved parties within 60 days. After the caption was amended, the superior court granted the Municipality of Anchorage's motion to dismiss the complaint against the Anchorage Police Department and the records clerk for insufficient service of process.

In November 2016 the State filed another motion to dismiss with regard to the remaining parties. In relevant part, the State argued that Rowan's claims were barred by res judicata and collateral estoppel. The State also pointed out that Rowan had not yet served any of the individual defendants named in his complaint. The superior court granted the State's motion to dismiss on the grounds of res judicata and collateral estoppel in December 2016.

Rowan now appeals all three dismissals, arguing that the doctrine of judicial immunity does not apply to suits seeking damages under 42 U.S.C. § 1983; res judicata does not apply because he never previously brought a claim for the violation of his constitutional due process rights; and he properly served the Anchorage Police Department and the records clerk.

## III.  DISCUSSION

### A.  Judicial Immunity

Rowan argues that judicial immunity does not protect Judge Kristiansen and the Alaska Court System from suits brought under 42 U.S.C. § 1983.  Under the doctrine of judicial immunity, "[j]udges are shielded by absolute immunity from civil actions for damages arising out of their judicial acts."[9]  However, Rowan argues that the plain language of § 1983, which makes liable "every person" who deprives another person of his or her civil rights under color of state law, indicates that judicial immunity does not apply to § 1983 claims.  We "apply our independent judgment to the interpretation of federal statutes."[10]

The United States Supreme Court unequivocally rejected Rowan's interpretation in *Pierson v. Ray*.[11]  The *Pierson* court concluded that judicial immunity "was [not] abolished by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights. . . . The immunity of judges for acts within the judicial role is . . . well established, and . . . Congress would have specifically so provided had it wished to abolish the doctrine."[12]  Judicial immunity applies to § 1983 claims, and the claims against Judge Kristiansen and the Alaska Court System were correctly dismissed.

---

[9]     *Trapp v. State*, 53 P.3d 1128, 1129 (Alaska 2002).

[10]    *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 386 (Alaska 2013).

[11]    386 U.S. 547 (1967).

[12]    *Id.* at 554-55.

## B.     Res Judicata

Rowan contests the superior court's conclusion that his claims against the State, state agencies, and state employees are barred by res judicata. "Under the doctrine of res judicata 'a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, [and] (3) in a dispute between the same parties . . . about the same cause of action.' "[13]  Whether a claim is barred by res judicata is a legal issue that we review de novo.[14]

In addition to his claim for money damages,[15] Rowan's claims against the State seek to have his sexual assault convictions vacated and his parental rights restored. Both Rowan's criminal convictions and the termination of his parental rights of his sons constituted final judgments on the merits from courts of competent jurisdiction, and both were issued in a dispute between Rowan and the State.[16]  Rowan's failure to raise his current arguments in his appeals from those judgments does not preclude the application of res judicata in this case.[17]  Accordingly, we conclude that Rowan's claims against the State for restoration of his parental rights and reversal of his convictions are barred by the doctrine of res judicata.

---

[13]     *Kent V. v. State, Dep't of Health & Soc. Servs.*, 233 P.3d 597, 600 (Alaska 2010) (alteration and omission in original) (quoting *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997)).

[14]     *Id.*

[15]     *See infra* Part III.C.

[16]     *Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 361 P.3d 910 (Alaska 2015).

[17]     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 500 (Alaska 2013).

## C.  Collateral Estoppel

Rowan argues that res judicata does not apply to his claims against the State and various agencies and employees for damages because he never previously brought a civil suit against these parties for violations of his constitutional due process rights.[18] It is true that Rowan's claim for damages — unlike his claims seeking to have his convictions vacated and his parental rights restored — is not directly barred by res judicata; it was not brought and decided in either his termination proceedings or his criminal trial, nor could it have been. However, Rowan does not address the superior court's ruling that his claims are barred by the doctrine of collateral estoppel.

Collateral estoppel "renders an issue of fact or law which has already been decided by a court of competent jurisdiction conclusive in a subsequent action between the same parties."[19]  It applies when

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[20]

---

[18]     This is partially incorrect; Rowan previously filed an unsuccessful § 1983 claim in federal court that asserted various constitutional violations affecting both the termination of his parental rights and his criminal conviction.  Because we resolve Rowan's claims on alternative grounds, we do not address the possible preclusive effect of this suit.

[19]     *Smith v. Stafford*, 189 P.3d 1065, 1075 (Alaska 2008) (quoting *McElroy v. Kennedy*, 74 P.3d 903, 907 (Alaska 2003)).

[20]     *Id.*

Whether a claim is barred by collateral estoppel is a legal issue that we review de novo.[21]

Rowan argues that the State and its various agencies and employees deprived him of due process because he was forbidden access to relevant materials during discovery in his CINA proceedings. His briefs on appeal indicate that he is referring to the same procedural defects that this court considered and resolved in prior appeals. In 2014, when Rowan appealed the initial adjudication determination, we concluded that the superior court erred in preventing the disclosure of discovery materials.[22] On remand the superior court disclosed the materials and gave all parties the opportunity to address them in supplemental briefing.[23] We subsequently affirmed the adjudication order, finding that "[o]n remand the superior court [had] obtained, reviewed, and made available the various discovery items discussed in our earlier opinion."[24]

Litigation of the sufficiency of discovery in these earlier proceedings precludes relitigation of that issue here. Rowan was a party in his CINA proceeding, and we examined the sufficiency of discovery in these prior appeals. We concluded that sufficient discovery was made available to Rowan,[25] and the issue of discovery was essential to the final judgment. Rowan is thus barred from relitigating the sufficiency of

---

[21] *Andrea C. v. Marcus K.*, 355 P.3d 521, 526 (Alaska 2015).

[22] *Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 320 P.3d 1152, 1157 (Alaska 2014).

[23] *Rowan B. v. State of Alaska, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-15107, 2014 WL 4057175, at *1 (Alaska Aug. 13, 2014).

[24] *Id.*

[25] *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. o. (AM. LAW INST. 1982) ("If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court . . . , this latter judgment is conclusive between the parties.").

discovery in the CINA proceeding — a necessary element of his § 1983 claim.[26] Therefore, we conclude that Rowan's claim for money damages is barred by the doctrine of collateral estoppel.[27]

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's dismissal of Rowan's claims.

---

[26]   Rowan also argues that the discovery materials were not available in his criminal case. Whether the materials were available in that case has not been litigated. However, "in order to recover damages for allegedly unconstitutional conviction . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Rowan's conviction has been upheld on appeal.

[27]   Because we conclude that all of Rowan's claims are barred on other grounds, we do not address whether the records clerk and the Anchorage Police Department were properly served.