*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KAILYN S., | ) | |
| | ) | Supreme Court No. S-16833 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3HO-15-00011/ |
| v. | ) | 00012 CN |
| | ) | |
| STATE OF ALASKA, DEPARTMENT | ) | O P I N I O N |
| OF HEALTH & SOCIAL SERVICES, | ) | |
| OFFICE OF CHILDREN'S SERVICES, | ) | No. 7248 – June 1, 2018 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Homer, Anna Moran, Judge.

Appearances: Callie Patton Kim, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellant. David T. Jones, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

STOWERS, Chief Justice.

Five days before the termination of parental rights trial in this Child in Need of Aid (CINA) case, the mother, Kailyn S.,[1] filed a motion requesting a continuance. In

---

[1]     We use a pseudonym to protect the family's privacy.

her motion, Kailyn claimed that a continuance was needed because she had been offered a job on a fishing vessel that was due to leave as soon as possible and because a continuance would give her additional time to meet with her attorney. The motion was not accompanied by a supporting affidavit or other supporting evidence. The superior court denied the motion. The trial proceeded as scheduled, and the court terminated Kailyn's parental rights to two of her children. Kailyn appeals the termination of her parental rights based solely on the argument that the superior court abused its discretion in denying her request for a continuance.

The superior court has broad discretion to grant or deny a continuance.[2] We review the denial of a continuance only for abuse of discretion, considering the particular circumstances to determine whether a party was "deprived of a substantial right or seriously prejudiced" by the court's ruling.[3] While Kailyn alleges that denying the continuance "interfered with her attorney's ability to provide effective assistance," she has not articulated more than speculative arguments about how she might have been better assisted if the continuance had been granted. And as explained, the motion was not accompanied by supporting evidence or supported by an affidavit; it also did not propose a new trial date or indicate how long the continuance would need to be to accommodate Kailyn's employment.[4]

---

[2]    *State v. George*, 511 P.2d 1293, 1295 n.6 (1973) (citing *Spight v. State*, 450 P.2d 157, 159 (Alaska 1969)).

[3]    *Clementine F. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 375 P.3d 39, 43 (Alaska 2016) (quoting *Hannah B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 289 P.3d 924, 930 (Alaska 2012)).

[4]    After the termination trial, the superior court found that Kailyn would need at least a year of therapy before she could begin to make progress on her condition. In light of that finding, which Kailyn has not challenged on appeal, any continuance the

(continued...)

We have emphasized that "CINA cases are very time-sensitive,"[5] and that "a child's need for permanence and stability should not be put on hold indefinitely."[6] We have explained that "[t]he Alaska Statutes and our precedent establish a clear policy: The best interests of children, including the interest in permanency as opposed to leaving children in limbo, are paramount."[7] It was therefore reasonable for the superior court to prioritize the children's permanency, and it was not an abuse of discretion to deny the motion for a continuance.

We AFFIRM the superior court's termination order.

---

**4** (...continued)
court might have granted would have been too short for Kailyn to make any significant progress or would have placed the children's permanency in limbo for a substantial period of time.

**5** *Hannah B.*, 289 P.3d at 932 (quoting *Ben M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 204 P.3d 1013, 1019 (Alaska 2009)).

**6** *Id.* at 933 (quoting *Kent V. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 233 P.3d 597, 603 (Alaska 2010)).

**7** *Rowan B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 361 P.3d 910, 914 (Alaska 2015) (citing AS 47.10.005; AS 47.10.088(j); *A.A. v. State, Dep't of Family & Youth Servs.*, 982 P.2d 256, 260 (Alaska 1999)).